*In re* ESTATE OF CORY.

**Estates of Decedents:** ADVANCEMENTS: EVIDENCE.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

FILED, JUNE 4, 1890.

WILLIAM CORY died, leaving six heirs to his estate. The administrator filed his final report, showing the estate settled, except distribution to the heirs, and that he had on hand for distribution $2,869.39. The heirs are William, Samuel, Abel and Daniel Cory, and Elizabeth and Sarah Martin. Abel and William Cory each filed objections to the distribution before each of the other four heirs should account for advancements made to them by William Cory, deceased, in his lifetime, specifying the amount of advancements to each. Thereafter, Samuel Cory and Sarah Martin filed objections to distribution, claiming that Abel Cory had received as an advancement forty acres of land, of the value of one thousand dollars, and that William Cory had received a cash advancement of eight hundred dollars, and also that Elizabeth Martin had received as an advancement "household goods, personal property and cash of the aggregate value of one thousand dollars." Some other objections were made, not important on this appeal. The claims of advancements were denied, and the issues were tried to the court, by stipulation, as an equitable proceeding. The district court made a finding of advancements as follows: "To Samuel E. Cory, seven hundred dollars; to Daniel M. Cory, five hundred and fifty dollars; to Abel Cory, one thousand dollars; to Sarah H. Martin, five hundred dollars; to Elizabeth Martin, eight hundred dollars; to Wm. Cory, eight hundred dollars." From an order for distribution on the basis of such advancements, Abel and William Cory appeal.

*Davis & Voris,* for appellants.

*Thompson & Lanning* and *W. F. Fitzgerald,* for appellee.

GRANGER, J.—It will be observed that the district court found advancements as against all the heirs, and, as only William and Abel appeal, the only question for us is as to the correctness of the finding

as to them. We will not attempt to discuss the evidence in the case. While not voluminous, it is too extended to set out. It involves family transactions and conversations, as well as conversations of the father with third parties. That the property passed from the father to the children, as found by the district court, cannot be questioned. The issue is as to the purpose. There are strong circumstances both for and against the claims of appellants; and, with our separate examination of the case, we reach the same conclusion as the district court, and as a result its judgment must be          AFFIRMED.